IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK H. BANKS, #05711-068                                                                PETITIONER

VERSUS                                                                  CIVIL ACTION NO. 5:07cv193-DCB-MTP

UNKNOWN WRIGHT, UNKNOWN BRATCHER,
UNKNOWN MCCUTCHON, STEVE SCHWALB,
HARLEY LAPPIN, and CONSTANCE REESE                                                      RESPONDENTS

## MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Institute, Yazoo City (FCI-Yazoo), Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241. The named respondents are Unknown Wright, Unknown Bratcher, Unknown McCutchon, Steve Schwalb, Harley Lappin, and Constance Reese. Petitioner filed this action on October 12, 2007, and was granted in forma pauperis status. As relief, the petitioner is requesting that he be released from the respondents' custody and that his position at the prison law library be reinstated.

Petitioner files this action alleging that his First Amendment right to freedom of speech has been violated and that his due process rights under the Fifth Amendment has been violated as well as his access to the courts have been denied. On October 3, 2007, the petitioner states that respondents Bratcher and McCutchon terminated and permanently prevented the petitioner from being employed at the prison law library and the education department because he complained in writing that the law library was inadequate. Therefore, he has filed this petition pursuant to 28 U.S.C. § 2241 for relief.

## Analysis

Federal prisoners may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v.

Cleto, 956 F.2d 83, 84 (5th Cir.1992). However, "habeas is not available to review questions unrelated to the cause of detention." Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976). The United States Court of Appeals for the Fifth Circuit in Pierre went on to say that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." Id. at 935-36.

Having liberally construed the instant petition, this court finds that the petitioner is not challenging the Bureau of Prisons execution or calculation of his federal sentence. Clearly, he is challenging the conditions of his confinement at FCI-Yazoo. The issues presently before this court has nothing to do with a claim of early release from his incarceration with the Bureau of Prisons. Therefore, these complaints are not the proper subject of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and this habeas corpus petition will be dismissed without an evidentiary hearing.

## Conclusion

As stated above, the petitioner cannot proceed with this petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 attacking the conditions of his confinement in FCI-Yazoo. The petitioner has not presented an arguable claim for habeas corpus relief. As such, this petition filed pursuant to § 2241 shall be dismissed with prejudice without an evidentiary hearing and his conditions of confinement claims are dismissed without prejudice so that the petitioner may pursue those claims in the proper manner.

## Sanctions warning issued

This court finds that the instant civil action is the fourth[1] petition filed pursuant to 28

---

[1] The three previous civil actions are civil action numbers 5:07cv34DCB-MTP; 5:07cv172DCB-MTP, and 5:07cv183DCB-MTP.

U.S.C. § 2241 by the petitioner in this district court this year which challenges the conditions of confinement, not the execution of his sentence. The United States PACER Service indicates that the petitioner is not a novice at filing lawsuits in the district and appellate courts. Therefore, this court warns the petitioner that future filing of 28 U.S.C. § 2241 which challenge the conditions of his confinement may result in the petition being dismissed as an abuse of the writ or may result in the imposition of sanctions, including but not limited to monetary fines or restrictions on petitioner's ability to file *pro se* actions in this Court.

SO ORDERED this the   8th   day of November, 2007.


       s/ David Bramlette       
UNITED STATES DISTRICT JUDGE