IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK H. BANKS                                                                    PETITIONER

VERSUS                                                CIVIL ACTION NO. 5:07cv193DCB-MTP

UNKNOWN WRIGHT, et al.                                                             RESPONDENTS

ORDER DENYING PETITIONER'S MOTION TO
ALTER OR AMEND JUDGMENT AND MOTION TO RECONSIDER

BEFORE THE COURT is the Petitioner's Motion to Alter or Amend Judgment and Motion for Reconsideration [6 & 7] filed November 21, 2007. Since the motion was filed within 10 days of the judgment, this Court finds that it is filed pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE. Petitioner moves the Court to reconsider the final judgment [5] of dismissal entered on November 13, 2007. Having considered the issues raised in the motion, the Court finds that the motion is not well-taken and should be denied.

The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE, a district court should consider the following non-inclusive factors: (1) the reasons for the petitioners' default; (2) the importance of the evidence to the petitioners' case; (3) whether the evidence was available to the petitioners before they responded to the underlying motion; and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened. Sturges v. Moore, 73 Fed.Appx. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion. Atkins v. Marathon LeTorneau Co., 130 F.R.D. 625, 626 n.1

(S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id.

After consideration of the above listed factors and relevant case law, the Court finds that the Petitioner's motion for reconsideration [6 & 7] should be denied. Petitioner has failed to offer any evidence or arguments that were not initially available to him at the time his petition was filed. Moreover, this Court is not persuaded by the petitioner's argument based on Bryant v. Harris, 465 F.2d 365 (7th Cir. 1972). Additionally, Petitioner's motion [6 & 7] for the most part merely expresses disagreement with the ruling of the Court and merely asserts the same claims as stated in his petition for habeas relief filed pursuant to 28 U.S.C. § 2241. As stated in the Memorandum Opinion [4] filed November 13, 2007, Petitioner's allegation that his First Amendment right of access to the courts to pursue a matter relating to his criminal case was violated simply does not present a ground upon which § 2241 habeas relief can be granted. This Court has thoroughly reviewed the instant motion, Petitioner's § 2241 habeas petition and has determined that the correct legal finding was made in this cause. The Petitioner has failed to meet the requisite legal standard for the Court to grant a motion to reconsider.[1]

IT IS HEREBY ORDERED that the Petitioner's Motion to Alter and Amend Judgment and Motion for Reconsideration [6 & 7] filed November 21, 2007, should be and

---

[1] In an effort to be exhaustive, the Court has also considered the petitioner's motion under Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE and determined that the motion should likewise be denied. See Texas A&M Research Found. v. Magna Transportation Inc., 338 F.3d 394, 400 (5th Cir. 2003).

are hereby **DENIED.**

This the  28th  day of November, 2007.

>  s/ David Bramlette
> UNITED STATES DISTRICT JUDGE